ACCEPTED
06-15-00002-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
1/15/2015 9:48:53 AM
DEBBIE AUTREY
CLERK

## NO. 06-15-00002-CV

### THE STATE OF TEXAS

### COURT OF APPEALS

### SIXTH DISTRICT OF TEXAS AT TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

1/15/2015 9:48:53 AM

DEBBIE AUTREY
Clerk

In Re KENNTH VERN GIBBS and
CANDACE GIBBS WALTON, *Relators*

v.

THE HONORABLE LAURINE J. BLAKE, *Respondent*, and

PENTEX FOUNDATION and JOSHUA UNGER,
TRUSTEE of GBU FRIENDS AND ASSOCIATES, TRUST,
*Real Parties in Interest*

## CROSS-PETITION FOR WRIT OF MANDAMUS

Scott Smith
120 South Crockett Street
P.O. Box 354
Sherman, Texas 75091-0354
e-mail: smithlaw@airmail.net
Facsimile (903) 870-1446
Telephone (903) 868-8686

ATTORNEY FOR PENTEX FOUNDATION AND
JOSHUA UNGER, TRUSTEE OF GBU FRIENDS
AND ASSOCIATES TRUST, CROSS-RELATORS

ORAL ARGUMENT REQUESTED

January 15, 2015

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUE PRESENTED

    In the unlikely event the trial court did not have the authority to
    reconsider its ruling on venue, should mandamus be granted to
    enforce the parties' agreed, mandatory venue provisions of the
    contract, pursuant to Section 15.020 of the Texas Civil Practices and
    Remedies Code? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.    PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    B.    FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.    VENUE IS MANDATORY WHERE THERE IS A WRITTEN
          CONTRACT WITH A STATED VALUE OF $5,000,000 AND AN
          EXPRESS AGREEMENT FOR VENUE . . . . . . . . . . . . . . . . . . . . . . 6

    B.    THE ABSENCE OF NECESSARY FINDINGS INVALIDATES
          THE INITIAL ORDER TRANSFERRING VENUE . . . . . . . . . . . . . . 9

    C.    A CORRECT READING OF RULE 87, IN THE CONTEXT OF
          MANDATORY VENUE, ALLOWS THE TRIAL COURT TO
          CORRECT ITS OWN MISTAKE . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF COMPLIANCE
     WITH APPELATE RULE 9.4(j) ............................... 15

CERTIFICATE OF COMPLIANCE
     WITH APPELATE RULE 52.3(j) .............................. 15

CERTIFICATE OF SERVICE ..................................... 16

# TABLE OF AUTHORITIES

## Cases

*Airvantage, L.L.C. v. TBAN Properties # 1, L.T.D.,*
      269 S.W.3d 254, 257 (Tex. App.-Dallas 2008, no pet.) ................. 9

*Carrothers Const. Co, L.L.C. v. City of S. Hutchinson,*
      288 Kan. 743, 207 P.3d 231 (Kan. 2009) ........................... 7

*Flores v. Millennium Interests, Ltd.,* 185 S.W.3d 427 (Tex. 2005) ............. 7

*Gator Apple, LLC v. Apple Texas Restaurants, Inc.,*
      No. 05-12-01369-CV, 2014 Tex. App. LEXIS 2539
      (Tex. App. – Dallas, Mar. 5, 2014) ........................... 7

*In Re Adan Volpe Properties, Ltd.,* 306 S.W.3d 369, 373
      (Tex. App – Corpus Christi 2010) ............................ 12

*In Re AutoNation,* 228 S.W.3d 663 (Tex. 2006) ........................... 6

*In Re: Fisher,* 433 S.W.3d 523 (Tex. 2014) ......................... 5

*In Re Lisa Laser USA, Inc.,* 310 S.W.3d 880, 887 (Tex. 2010) ............... 8

*In Re Railroad Repair,* No. 05-09-0135-CV, 2009 Tex. App.
      LEXIS 8404 (Tex. App. – Dallas, Nov. 2, 2009, no pet) .............. 10

*Maranatha Temple, Inc. v. Enter. Products Co., et. al.,*
      833 S.W.2d 736 (Tex. App. – Hou. [1st Dist.] 1992, writ denied) .........

*Spin Doctor Golf, Inc v. Paymentech, L.P.,* 296 S.W.3d 354
      (Tex. App. – Dallas 2009, pet. denied) ........................... 9

*Valence v. Dorsett Operating Co.,*164 S.W.3d 656, 664, 48 (Tex. 2005) ........ 7

*Wichita County v. Hart,* 917 S.W.2d 779 (Tex.1996) ..................... 9

## Statutes and Rules

TEX. CIV. PRAC. & REM. CODE § 15.002 ............................. 3,9,10

TEX. CIV. PRAC. & REM. CODE § 15.020 ............................. 2,7,10

TEX. CIV. PRAC. & REM. CODE § 15.0642 ............................ 1,5,13

TEX. GOVT. CODE § 22.221 ......................................... 1

TEX. R. CIV. P. 87 ......................................... 8-9,10,11

## STATEMENT OF THE CASE

Pentex Foundation, Cross-Relator, brought suit in the 336th Judicial District Court of Fannin County, Texas, to enforce and declare the terms of a written contract. Kenneth Gibbs and Candace Walton[1] filed a motion to transfer venue to Tarrant County, Texas, for convenience. Respondent, Judge Laurine Blake, initially granted the motion to transfer venue, but subsequently reconsidered and denied the motion to transfer venue.

Gibbs and Walton filed a Petition for Writ of Mandamus and Motion for Emergency Stay with this Court, alleging that the trial court was without authority to reconsider and reverse its ruling on venue.

## STATEMENT OF JURISDICTION

This Court has jurisdiction over this cross-petition for writ of mandamus pursuant to TEX. CIV. PRAC. & REM. CODE § 15.0642 and TEX. GOVT. CODE § 22.221(b).

---

[1] Kenneth Vern Gibbs and Candace Gibbs Walton were the Relators in the Petition for Writ of Mandamus filed in this case on January 12, 2015. For convenience, they shall be referred to by their last names. Pentex Foundation shall be referred to as "Pentex."

## ISSUE PRESENTED

In the unlikely event the trial court did not have the authority to reconsider its ruling on venue, should mandamus be granted to enforce the parties' agreed, mandatory venue provisions of the contract, pursuant to Section 15.020 of the Texas Civil Practices and Remedies Code?

## STATEMENT OF FACTS

## A.     PROCEDURAL BACKGROUND

Pentex filed its action to enforce and declare the terms of a written contract on April 1, 2014, in Fannin County, Texas.[2] Pentex asserted that venue was mandatory in Fannin County, Texas, as the case arises from a contract involving a major transaction, with venue specified and agreed by the parties to be in Fannin County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.020.[3]

---

[2]     Appendix at page 7.  The Appendix was submitted by the Relators, Gibbs and Walton, and shall be referred to as "Appx."  The contract shall be referred to as "Contract".

[3]     Section 15.020 of the Texas Civil Practices and Remedies Code applies to a "major transaction," which is defined as a transaction evidenced by a written agreement and which involves $1 million or more:

   (c) Notwithstanding any other provision of this title, an action arising from a major transaction may not be brought in a county if:

      (1) the party bringing the action has agreed in writing that an action arising from the transaction may not be brought in that county, and the action may be brought in another county of this state or in another jurisdiction; or

      (2) the party bringing the action has agreed in writing that an action arising from the transaction must be brought in another county of this state or in another jurisdiction, and the action may be brought

Subsequently, Gibbs and Walton, filed another, similar lawsuit arising out of the same facts and circumstances, which now involves all of the same parties, in Tarrant County, Texas.[4]

In Fannin County, Gibbs and Walton filed a motion to transfer venue for convenience[5], essentially asserting that "prejudice was so great" they could not get a fair trial in Fannin County, Texas, because then counsel for Pentex was also a part-time municipal judge for the City of Bonham. Texas. Appx. 35.

The motion for change of venue filed by Gibbs and Walton was heard on September 30, 2014, and Judge Laurine Blake determined that venue should be transferred to Tarrant County. Appx. 650. Within five days, Pentex filed its Motion to Reconsider Motion to Transfer Venue. Appx. 660.

The hearing on the Motion for Reconsideration was set by the Court for October 20, 2014. As a convenience to counsel for Gibbs and Walton, who was not available the entire month of October, it was reset to November 12, 2014.[6]

---

in that other county, under this section or otherwise, or in that other jurisdiction.

[4] A copy of this lawsuit is attached as Exhibit "B" to Relator's answer. Appx. 47. It was amended in December of 2014, so that it now includes all parties to the Fannin County lawsuit.

[5] Pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002.

[6] See, Respondent's Exhibits "A" and "B" attached hereto.

The motion to reconsider was heard on November 12, 2014. After specifically finding that there had not been a physical transfer of the Court's file, Judge Blake determined that mandatory venue existed in Fannin County, Texas.

Two months later, Gibbs and Walton filed their Petition for Writ of Mandamus and Motion for Emergency Stay in this Court, claiming that Judge Blake was without authority to reconsider her ruling on venue.

## B.    FACTUAL BACKGROUND

This case concerns and arises out of the Contract entered into between and among Gibbs, Walton, Howard Kirk Gibbs, Albert Barcroft.[7] Pentex and Joshua Unger, Trustee are successors in interest to Mr. Barcroft. The Contract itself, at paragraph 4, stipulates a buyout and liquidated damages provision of $5,000,000, as follows:

> It is understood and agreed that Gibbs may cancel or nullify this contract only under the following conditions:  a) If Gibbs pays over to Barcroft the sum of five million dollars ($5,000,000.00 US) in full, in addition to any money received prior to said one time payment, as liquidated damages and full settlement of all consideration on Gibbs part.

---

[7]    A true and correct copy of that contract was attached to the Response to Motion to Transfer Venue, Plaintiff's Exhibit "A". Appx. 226-233. It's authenticity was not in dispute. Also attached to the Response was Plaintiff's Exhibit "B" is a copy of a portion of the Response to a Request for Admissions, by which the Contract is acknowledged in Response to Request for Admission number 1. Appx. 234, 236..

Contract ¶ 4 (emphasis original). The present dispute involves allegations that in excess of a million dollars were not distributed pursuant to the terms of the Contract. Paragraph 37 of the Plaintiff's Original Petition in this case alleges:

> Plaintiff has had over a million dollars of money rightfully due Plaintiff taken by Ken, Candy and Howard to pay the attorney fees that were due to be paid only by Ken, Candy and Howard under written agreement, i.e. the Contract here.[8]

The prayer in the Plaintiff's Original Petition requests, "All actual damages; but, in any case, no less than one million dollars [$1,000,000.00]."

Importantly the Contract addressed venue in a very direct and forceful manner in paragraph 9:

> Notwithstanding any other provisions of the law, it is expressly agreed that this contract shall be performable only in Fannin County, Texas; and, any dispute(s) will be resolved in the Courts of Fannin County, Texas.

(Emphasis original).

## ARGUMENT AND AUTHORITIES

Pentex filed suit in Fannin County, for which mandatory venue was established. Mandamus relief is specifically authorized to enforce a statutory mandatory venue provision. *In Re: Fisher*, 433 S.W.3d 523, at 528-29 (Tex. 2014), citing TEX. CIV. PRAC. & REM. CODE § 15.0642.

---

[8]    Appx. 12.

-5-

If, and only if, this Court determines that Judge Blake did not have the authority to reconsider her own ruling, then Pentex submits that the initial ruling relating to venue was incorrect and should be the proper subject of mandamus.

A. **VENUE IS MANDATORY WHERE THERE IS A WRITTEN CONTRACT WITH A STATED VALUE OF $5,000,000 AND AN EXPRESS AGREEMENT FOR VENUE.**

Contractual venue provisions are mandatory and enforceable. In general, forum-selection clauses should "be given full effect and should control absent a strong showing that [they] should be set aside." *In Re AutoNation, Inc.*, 228 S.W.3d 663, 667 (Tex. 2006). Strong public policy supports the enforcement of forum-selection clauses. Subjecting a party to trial in a forum other than that agreed upon and requiring an appeal to vindicate the rights granted in a forum-selection clause is:

> "[C]lear harassment" – harassment that injures not just the non-breaching party but the broader judicial system, injecting inefficiency by enabling forum-shopping, wasting judicial resources, delaying adjudication on the merits, and skewing settlement dynamics contrary to the parties' contracted – for expectations.

Id., at 667-668 (citations omitted).

This is a major transaction as defined by law. A "major transaction" is defined by statute as a transaction evidenced by a written agreement under which a person pays or receives, or is obligated to pay or entitled to receive, consideration

-6-

with an aggregate stated value equal to or greater than one million. TEX. CIV. PRAC. & REM. CODE § 15.020(a). Accordingly, the Contract constitutes a "major transaction" for purposes of section 15.020 because it expressly provides – in paragraph 4 – for the payment of "consideration with an aggregate stated value" of more than $ 1 million. Venue is therefore mandatory when there is a written agreement specifying venue, which involves one million dollars or more.

The Contract plainly and expressly provides for liquidated damages of $5,000,000 in the event of breach. Of course, the term "liquidated damages" refers to an acceptable measure of damages that parties stipulate in advance will be assessed in the event of a contract breach.[9] A liquidated damages clause allows contracting parties to protect themselves against the difficulty, uncertainty, and expenses involved when trying to ascertain actual damages.[10] "Given this desirable goal, it is well established that parties may stipulate at the time of contracting to a set damages amount for a breach of that contract, as long as the liquidated damages provision is not a penalty." *Id.*

Notwithstanding the liquidated damages of $5,000,000 stated in the

---

[9]     See, *Flores v. Millennium Interests, Ltd.*, 185 S.W.3d 427, 431 (Tex. 2005); *Valence v. Dorsett Operating Co.*,164 S.W.3d 656, 664, 48 (Tex. 2005).

[10]     *Gator Apple, LLC v. Apple Texas Restaurants, Inc.*, No. 05-12-01369-CV, 2014 Tex. App. LEXIS 2539 (Tex. App. – Dallas, Mar. 5, 2014, pet. filed), citing to *Carrothers Const. Co, L.L.C. v. City of S. Hutchinson*, 288 Kan. 743, 207 P.3d 231 (Kan. 2009).

Contract, Pentex asserted that its damages, in excess of $1,000,000, directly related to the Contract. Claims that are associated with a major transaction trigger the mandatory venue if they "arise" from a major transaction.

> We concluded that the forum selection clause itself applied more broadly than to mere sales transactions because it applied to "any dispute arising out of" the agreement and the trial court erred in refusing to enforce the forum selection clause.

*Fisher*, 433 S.W.3d at 530, citing *In Re Lisa Laser USA, Inc.*, 310 S.W.3d 880, 887 (Tex. 2010). Here, the Contract broadly stipulates venue in Fannin County for "all disputes" arising out of the contract, not merely for purposes of enforcement of the liquidated damages provision. Contract, ¶ 9.

Pentex established mandatory venue by prima facie proof. A copy of the Contract was attached to the Plaintiff's Original Petition; the existence of the Contract was asserted; the specific agreement for venue to be exclusively in Fannin County, Texas was described; and the amount of damages sought were all specifically pleaded venue facts that were not denied by the Defendants. They are therefore taken as true.[11] That is all Pentex needed to do to establish mandatory venue. "A party must establish mandatory venue by prima facie proof. TEX. R.

---

[11] TEX. R. CIV. P. 87(3)(a)("properly pleaded" venue facts taken as true unless specifically denied by adverse party.); see e.g., *Maranatha Temple, Inc. v. Enter. Products Co., et. al.*, 833 S.W.2d 736 (Tex. App. – Houston [1st Dist.] 1992, writ denied).

CIV. P. 87(3). . . . *Spin Doctor Golf, Inc v. Paymentech, L.P.*, 296 S.W.3d 354, 357, 359 (Tex. App. – Dallas 2009, pet. denied). In *Spin Doctor Golf* the Court of Appeals found:

> The agreement attached to the motion to transfer venue lists annual sales of over $1,000,000. Thus, on its face, it constitutes prima facie evidence of a major transaction within the meaning of 15.020(a).

*Id.* So too here, the undisputed venue facts establish – on the face of the Contract – that this was a major transaction.

Frankly, Gibbs and Walton never challenged the fundamental venue facts. They simply asserted that Fannin County was inconvenient, despite their written promises.

The parties agreed to venue in Fannin County, Texas. It was mandatory. It was error to transfer the case to Tarrant County, Texas, an error later recognized and corrected by Judge Blake.

## B. THE ABSENCE OF NECESSARY FINDINGS INVALIDATES THE INITIAL ORDER TRANSFERRING VENUE

Gibbs and Walton only requested that venue be changed pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002. Although it is clear that mandatory venue provisions trump permissive ones,[12] the order signed on September 30, 2014, did

---

[12] *Airvantage, L.L.C. v. TBAN Properties # 1, L.T.D.*, 269 S.W.3d 254, 257 (Tex. App.-Dallas 2008, no pet.) (citing *Wichita County v. Hart*, 917 S.W.2d 779, 781 (Tex.1996).

not contain required findings. The Court did not enter or render any findings in support of the transfer. To order the transfer pursuant to § 15.002, the court must make all of the following findings:

1. Maintenance of the action in the county of suit would work an injustice to the movant considering the movant's economic and personal hardship.

2. The balance of interests of all the parties predominates in favor of the action being brought in the other county.

3. The transfer would not work an injustice to any other party.

TEX. CIV. PRAC. & REM. CODE § 15.002(b). The failure to have these express findings renders the order invalid, or at least subject to remand to the trial court for further determination.

## C.    A CORRECT READING OF RULE 87, IN THE CONTEXT OF MANDATORY VENUE, ALLOWS THE TRIAL COURT TO CORRECT ITS OWN MISTAKE.

Rule 87.5 bears the subheading of "Motion for Rehearing", and states in relevant part as follows: "If venue has been sustained as against a motion to transfer, or if an action has been transferred to a proper county in response to a

---

Further, section 15.020(c) provides in pertinent part that, when applicable, section 15.020 controls over other venue statutes in title 2 of the Civil Practice and Remedies Code. See TEX. CIV. PRAC. & REM. CODE § 15.020(c). In *In Re Railroad Repair*, No. 05-09-0135-CV, 2009 Tex. App. LEXIS 8404 (Tex. App. – Dallas, Nov. 9, 2009, no pet.), the Court specifically found that venue under section 15.002, a permissive venue statute, must yield to the mandatory venue provision in section 15.020.

-10-

motion to transfer, then no further motions to transfer shall be considered . . .."

TEX. R. CIV. P. 87.5. Thus, by its express terms Rule 87.5 contemplates two

alternative situations:

First: "If venue has been sustained as against a motion to transfer," in which event the order "sustaining against" the motion ends the discussion.

/or/

Second: "[I] an action *has been transferred* to a proper county in response to a motion to transfer," by which the rule contemplates the actual act of transfer. (Emphasis added).

If the rule intended to cutoff the right to rehearing upon the Court's ruling, there

would be no need to have two subsets of events foreclosing a rehearing. If that

was the goal, the rule could have simply then stated that there is no right to

rehearing; but it did not. By creating two separate events, the rule-writers

intended to allow a trial court to reconsider an action of transfer if brought to the

court's attention before the file actually left the physical possession of the court.

Here there was no physical transfer of the file:

MR. SMITH: Thank you, Your Honor. And for the clarity of the record for what we just discussed, is it the Court's finding that there has not been a physical transfer of the file?

THE COURT: Yes.[13]

---

[13] See the Reporter's Record from the Hearing on November 12, 2014, at page 15.

-11-

In the instance where the specific remedy of mandamus is a available to correct a mistake regarding mandatory venue, as there is here, it is folly to suggest that the trial court cannot correct its own mistake first. More so, in that counsel for Gibbs and Walton was not available for hearing the matter within the initial thirty day time-frame.[14] This absurdity and needless waste of judicial resources was recognized by the trial court:

> THE COURT: So, if it was outside the 30 days and I don't rule on it, the higher court has the ability to mandamus me and make me do it, but you're[15] saying I don't have the ability to hear the case myself and correct a mistake?

When confronted with this issue in a mandatory venue case, the Corpus Christi Court of Appeals agreed. In *In Re Adan Volpe Properties, Ltd.*, 306 S.W.3d 369, 373 (Tex. App – Corpus Christi 2010)(orig. proceeding), the losing party argued that the original trial court and its corresponding court of appeals lost jurisdiction thirty days after a transfer order was signed. That court disagreed finding:

---

[14] Roughly akin to spitting in the punch bowl and then complaining about the quality of the drink.

[15] The Court was referring to counsel for Gibbs and Walton.

-12-

This doctrine is simply not applicable to the case herein, where we review a trial court's ruling based on mandatory venue by original proceeding, and not appeal, and moreover, where relators have been provided a specific statutory deadline for filing a petition for writ of mandamus. *See* TEX. CIV. PRAC. & REM. CODE § 15.0642.

*Id.*, at 373-74.[16] Therefore, based upon this reasoning, Pentex submits that Judge Blake was within her authority and jurisdiction to reconsider and reverse her decision on venue, and that the original petition for writ of mandamus filed by Gibbs and Walton should be dismissed. That action would render this Cross-Petition moot.

## PRAYER

If this Court determines that Judge Blake did not have the authority to reconsider her own ruling, then Pentex submits that the initial ruling relating to venue was incorrect and should be the proper subject of mandamus.

---

[16]     Section 15.0642 states that an application for writ of mandamus must be filed before the 90th day before the trial starts. The trial of this case is presently set for June 1, 2015, so this Cross-Petition is timely. Appx. 747-48.

-13-

Respectfully submitted,

By: _____
Scott Smith
State Bar Number 18688900
120 South Crockett Street
P.O. Box 354
Sherman, Texas 75091-0354
e-mail smithlaw@airmail.net
Facsimile (903) 870-1446
Telephone (903) 868-8686

## VERIFICATION

THE STATE OF TEXAS      §
COUNTY OF GRAYSON     §

BEFORE ME, the undersigned authority, on this day personally appeared Scott Smith, who, being first duly sworn states as follows:

"My name is Scott Smith. I am over 21 years of age, of sound mind, capable of making this affidavit, and fully competent to testify as to the matters stated herein. I have personal knowledge of each of the facts stated in this affidavit and they are all true and correct.

Attached hereto as Respondent's Exhibit "A" and "B" are true and correct copies of email transmissions relating to scheduling of the hearing on the motion to reconsider venue.

_____
Scott Smith

-14-

SWORN TO AND SUBSCRIBED, BEFORE ME, the undersigned authority by Thomas Scott Smith on this January 15, 2015, to certify which witness my hand and seal of office.

TRACY LYNN McCUTCHEON
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 6/7/16

_____
Notary Public, The State of Texas

## CERTIFICATE OF COMPLIANCE WITH APPELATE RULE 52.3(j)

This certifies that the undersigned has reviewed this Cross-Petiton and concluded that every factual statement in it is supported by competent evidence in the appendix submitted by Gibbs and Walton, the appendix hereto, or the record, as required by Appellate Rule 52.3(j).

_____
Scott Smith

## CERTIFICATE OF COMPLIANCE WITH APPELATE RULE 9.4(j)

I certify that this document contains 2773 words, as indicated by word-count function of the computer program used to prepare it, and excludes the caption, statement regarding oral argument, table of contents, table of authorities, statement of the case, statement of issue presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix, as required by Appellate Rule 9.4(j).

_____
Scott Smith

-15-

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing document was served, by electronic transmission and facsimile (800) 437-7901 to Christy L. Lee, Esq., of Law Offices of Christy Lee, P.C., 777 Main Street, Suite 600, Fort Worth, Texas 76102, and to Howard Kirk Gibbs, Pro Se, at 4360 Western Center Blvd., Suite 205, Ft. Worth, Texas 76137, on this January 15, 2015.

Scott Smith

## APPENDIX

A.    Email dated October 10, 2014.

B.    Email chain ending October 13, 2014

## Scott Smith

**From:** "Scott Smith" <smithlaw@airmail.net>
**To:** "Christy Lee" <clee@christyleelaw.com>; "Howard Gibbs" <hkgibbs@gmail.com>
**Sent:** Friday, October 10, 2014 10:35 AM
**Subject:** Pentex v. Gibbs, et al.; Cause Number CV-14-41665

The Court called and advised my office that the previously filed Motion to Reconsider Order to Transfer Venue has been set for hearing on **October 20, 2014, at 8:30 a.m.**

**cc: Christy Lee by facsimile at 800-437-7901**

Scott Smith
Attorney and Counselor At Law
120 South Crockett Street
P.O. Box 354
Sherman, Texas 75091-0354
Facsimile 903.870.1446
Telephone 903.868.8686



RESPONDENT'S EXHIBIT A 06-15-00002CV

1/13/2015

## Scott Smith

**From:** "Christy Lee" <clee@christyleelaw.com>
**To:** "Patty Kreider" <pdkreider@fanninco.net>; <smithlaw@airmail.net>
**Cc:** "Howard Gibbs" <hkgibbs@gmail.com>
**Sent:** Monday, October 13, 2014 4:18 PM
**Subject:** RE: CV-14-41665

Patty,

Thank you for your below email.

I am available during the afternoon on the following days: Nov. 12 to Nov. 14th. I could make Nov. 17th to Wed. 19th in the afternoon, as well. If that doesn't work, I could possibly be available the afternoon of Nov. 3rd and 4th, but I would need to make some adjustment to my current scheduled calendar.

Do any of these dates work for the court? Howard Kirk and Scott?

If those dates and times don't work, if it is not too much trouble, could you provide me with available dates and times and I can coordinate with Scott Smith and Howard Kirk Gibbs.

I sent an email to Scott yesterday concerning my availability, as Scott informed me (on Friday) that it appears that the court scheduled the hearing for Oct. 20th, which I am not available. I have included the email stream (see below). Can you please confirm that the hearing on Oct. 20th has been removed from the books?

Thank you again for all your help. Christy

---

Christy Lee, LL.M., J.D., M.S.
Law Offices of Christy Lee, P.C.
225 E. Fireweed Lane, Suite 200
Anchorage, Alaska 99503
Phone: (907) 339-9931
Fax: (800) 437-7901

777 Main Street, Ste. 600
Fort Worth, TX 76102
Phone: (817) 504-6075
Fax: (800) 437-7901

EMail:    clee@christyleelaw.com
Website: www.christyleelaw.com



RESPONDENT'S EXHIBIT
B
06-15-00002CV

--- Original Message---
To: 'Scott Smith'
Cc: Howard Gibbs
From: Christy Lee
Sent: 10/12/2014 2:23PM
Subject: RE: Pentex -- Hearing set for October 20th

>> Scott,

>>
>> I am not available Oct. 20th or any other day in October.
>>
>> With taking into consideration your leave, I am available the entire week of
>> Nov. 10th. I would prefer the afternoon, as I am "on duty" with my father in the
>> morning. If there is no availability from Nov. 10th to Nov. 14th, let me know what
>> dates are available and I will try to move something around and get my sister to fly
>> in to help with my father.
>>
>> I am not going to be working much of this coming week - the reason for the
>> Sunday email, but I will check my emails every night and get back to you as soon as I
>> can.
>>
>> Thank you for coordinating this with the court.
>>
>>
>> Christy
>> _____
>>
>> Christy Lee, LL.M., J.D., M.S.
>> Law Offices of Christy Lee, P.C.
>> 225 E. Fireweed Lane, Suite 200
>> Anchorage, Alaska 99503
>> Phone: (907) 339-9931
>> Fax: (800) 437-7901
>>
>> 777 Main Street, Ste. 600
>> Fort Worth, TX 76102
>> Phone: (817) 504-6075
>> Fax: (800) 437-7901
>>
>> EMail:    clee@christyleelaw.com
>> Website:  www.christyleelaw.com
>>
>>
>> From: Scott Smith [mailto:smithlaw@airmail.net]
>> Sent: 10/10/2014 8:56 AM
>> To: Christy Lee
>> Cc: Howard Gibbs
>> Subject: Pentex -- Hearing set for October 20th
>>
>>
>> Christy,
>>
>>
>>
>> The message I received was that the Court set this hearing. I normally do my
>> own calendering, and would have asked if I needed to confirm with opposing
>> counsel. Since I did not take the message, I do not know if this was done, or if it was
>> a time the court was requiring. If this time does not meet with your schedeule

>> I am always willing to find a time that works if it is acceptable with the Court.
>>
>> _____
>> Scott Smith
>> Attorney and Counselor At Law
>> 120 South Crockett Street
>> P.O. Box 354
>> Sherman, Texas 75091-0354
>> Facsimile 903.870.1446

---

**From:** Patty Kreider [mailto:pdkreider@fanninco.net]
**Sent:** 10/13/2014 11:10 AM
**To:** Christy Lee; smithlaw@airmail.net
**Subject:** CV-14-41665

Good afternoon.

Thank you for your patience in my addressing hearing dates for the Motion to Reconsider Order to Transfer Venue.

It looks like, based on Mr. Smith's vacation dates and Ms. Lee's available dates, that we am limited to November 10-11th, after 1:00 p.m. Unfortunately, the 11th is a County holiday, and Judge Blake is not available for a hearing on Monday, November 10th.

Please look at your calendars and let me know which additional target dates work for each of you in regards to identifying other possibilities for this hearing.

Thank you,

*Patty Kreider*
*Court Coordinator*
*336th Judicial District Court*
*101 E. Sam Rayburn Dr., Ste. 200*
*Bonham, Texas 75418*
*(903) 583-2863*

*Wisdom is the quality that keeps you from getting into situations where you need it.*